IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON RILEY, | No. C 14-00018 TEH (PR) |
|     Petitioner, | ORDER OF DISMISSAL |
|      v. | |
| RANDY GROUNDS, Warden, | |
|     Respondent. | |

Petitioner Shannon Riley, an inmate at Salinas Valley State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the Court for consideration of Respondent's motion to dismiss. Petitioner has filed an opposition. For the reasons set forth below, the Court GRANTS the motion to dismiss. Docket No. 7.

I

On January 17, 1990, Petitioner pled guilty in Los Angeles County Superior Court to second degree murder. Docket No. 7-1 at 2; see Cal. Penal Code § 187. Petitioner was sentenced to a term of 15 years to life. Docket No. 7-1 at 2 and Docket No. 1-1 at 3. His minimum eligible parole date ("MEPD") was in 2002. See Docket No. 8 at 14.

On July 24, 2012, Petitioner was issued a Rules Violation Report ("RVR") for fighting with his cellmate Young. Petitioner was provided with a copy of the RVR on July 31, 2012, Docket No. 1-1 at 19, and a hearing was held on August 9, 2012, Docket No. 1-1 at 20. According to the summary of the hearing issued by the California Department of Corrections and Rehabilitation ("CDCR"), Petitioner "read the RVR aloud and was able to demonstrate his understanding of the charges relative to the RVR and the disciplinary process. Id. Petitioner "did not request any witnesses, nor did he request any further evidence or materials at the time of the hearing." Id. Petitioner "entered a plea of guilty and made no further statement after entering his plea." Id. Petitioner was found guilty of "fighting," a Division D Offense, see Cal. Code Regs. § 3323(f)(10), based on the following preponderance of evidence: the July 24, 2012 RVR; the July 24, 2012 medical report on Young which indicated a scratch/abrasion on his face and an active nose bleed; the July 24, 2012 medical report on Petitioner which indicated scratches on his head and hands and a reddened area and scratch on his neck; and Petitioner's admission of guilt at the hearing. Docket No. 7-1 at 7. Petitioner was assessed 90 days' forfeiture of credits and placed on "C" privilege status[1] for thirty days. Docket No. 7-1 at 5.

---

[1] Prisoners in Privilege Group "C" have reduced privileges. They are are not allowed to receive family visits; are allowed only one-fourth of their maximum canteen draw; are allowed telephone calls on an emergency basis only; have no access to dayroom and recreational and entertainment activities; have limited yard access; and are not allowed quarterly or special purchase packages. Docket No. 1-1 at 25 and 7-1 at 5.

2

Petitioner claims that the CDCR hearing summary is false. He states that at the hearing he pled not guilty and requested a witness. Docket No. 1-1 at 5 and Docket No. 8 at 10. Petitioner also alleges that the hearing officer did not allow him to speak. Docket No. 8 at 10. On September 4, 2012, Petitioner filed an inmate appeal seeking expungement of the guilty finding. He alleged that he was not fighting[2] and that his due process rights were violated when the hearing officer falsely reported that Petitioner had pled guilty and had not requested witnesses. Docket No. 7-1 at 14-16. Petitioner's claims were investigated by prison staff, and his appeal was denied. Docket No. 7-1 at 20, 22-23. Petitioner filed the instant habeas petition on January 2, 2014.

II

Petitioner contends that his due process rights were violated because the hearing officer did not allow Petitioner to call a witness, falsely alleged that Petitioner pled guilty, failed to act as an impartial factfinder, and failed to properly document Petitioner's request for a witness. Docket No. 1-1 at 5. Petitioner seeks expungement of the RVR from his disciplinary record, arguing that the expungement would accelerate his eligibility for parole. Respondent seeks dismissal of this petition, arguing that Petitioner's punishment did not implicate the

---

[2] Petitioner claims that he and Young had been horseplaying, not fighting. Docket No. 8 at 11. Petitioner said that he did not intend for Young to be injured and that he immediately stopped wrestling when he noticed Young was hurt and Young yelled, "Stop, stop!" Docket No. 8 at 11 and Docket No. 7-1 at 16.

3

1 Due Process Clause and did not have an inevitable effect on the
2 duration of his sentence.
3      "'Federal law opens two main avenues to relief on
4 complaints related to imprisonment: a petition for habeas corpus, 28
5 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871,
6 Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the
7 validity of any of confinement or to particulars affecting its
8 duration are the province of habeas corpus.'"  Hill v. McDonough,
9 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749,
10 750 (2004)).  The Ninth Circuit has held that "habeas jurisdiction
11 is absent, and a § 1983 action proper, where a successful challenge
12 to a prison condition will not necessarily shorten the prisoner's
13 sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003);
14 Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004) (challenges to
15 prison conditions cognizable only via § 1983, and challenges
16 implicating the fact or duration of confinement must be brought
17 through a habeas petition); accord Badea v. Cox, 931 F.2d 573, 574
18 (9th Cir. 1991) (civil rights action is proper method of challenging
19 conditions of confinement).  The Supreme Court has consistently held
20 that any claim by a prisoner attacking the fact or duration of his
21 confinement must be brought under the habeas sections of Title 28 of
22 the United States Code.  See Calderon v. Ashmus, 523 U.S. 740, 747
23 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v.
24 Rodriguez, 411 U.S. 475, 500 (1973).
25      However, even if Petitioner were successful on his claim
26 of due process violation during his disciplinary proceeding, his
27
28      4

sentence would not necessarily be shortened. Petitioner is serving an indeterminate sentence and his MEPD has passed. The loss of time credits did not push back his release date or the date of his parole eligibility. If Petitioner were serving a determinate sentence, his claims would be cognizable in habeas because the loss of credits would have pushed back his release date, and success on his claims would necessarily shorten his time in custody. Or, if Petitioner had not yet reached his MEPD, such a claim might be cognizable in habeas because loss of time credits would push back the first date when he would be eligible for parole and possibly obtain a release date. However, success on his claim in the instant petition would not "necessarily shorten" his sentence, see Ramirez, 334 F.3d at 859, and habeas jurisdiction is absent.

Petitioner counters that an expungement of the disciplinary finding would affect the fact or length of his incarceration because it is likely to accelerate his eligibility for parole. Docket No. 8 at 7, 12. Petitioner was denied parole on May 28, 2014, and his next parole hearing was set for May 28, 2021. Docket No. 8 at 14-15. Petitioner argues that since the Board of Prison Terms ("BPT") focused on his RVRs in denying parole in May 2014, expungement of the RVR would help him obtain an earlier parole hearing.[3] Petitioner's claim is speculative. In choosing whether

---

[3] Pursuant to Section 3041.5(b)(4), the BPT may advance the parole hearing date after considering the views and interests of the victim, when "a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and the victim's safety" allows for a shorter period of incarceration. Cal. Penal Code § 3041.5(b)(4).

5

to advance a parole hearing date, the BPT 1) considers the views and interests of the victim and 2) evaluates whether the new information (e.g., the expungement of an RVR) establishes a reasonable likelihood that a shorter period of incarceration is called for. Cal. Penal Code § 3041.5(b)(4).  By Petitioner's own admission, his "numerous" RVRs resulted in the May 2014 denial of parole.  Docket No. 8 at 7.  In addition, the parole decision fact sheet denying parole recommends that Petitioner work to reduce custody level, not incur any more rule violations, stay discipline free, earn positive chronos, get self-help, and learn a trade.  Docket No. 8 at 15. Even if this Court were to expunge Petitioner's July 24, 2012 disciplinary violation, the BPT might still refuse to advance his parole hearing since he has numerous other RVRs and may have yet to fulfill the recommendations set forth by the BPT.  Success on Petitioner's claim would not "necessarily shorten" his sentence and therefore habeas jurisdiction is absent.  See Ramirez, 334 F.3d at 859; see also Sandin v. Conner, 515 U.S. 472, 487 (1995) (finding that the possibility of a denial of parole on the basis of disciplinary findings is too speculative where there are a host of other factors that inform a parole determination).  Since this claim is not cognizable in habeas, the question of whether the processing of Petitioner's July 24, 2012 RVR violated his due process rights should be brought in a Section 1983 action.  Calderon, 523 U.S. at 747.

//

//

6

III

For the foregoing reasons and for good cause shown, Respondent's motion to dismiss is GRANTED. Docket No. 7. Petitioner has failed to make a substantial showing that a reasonable jurist would find this Court's denial of his claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk is directed to enter Judgment in favor of Respondent and against Petitioner, terminate any pending motions as moot, and close the file.

IT IS SO ORDERED.

DATED    *02/02/2015*                    _____
                                          THELTON E. HENDERSON
                                          United States District Judge

G:\PRO-SE\TEH\HC.14\Riley v Grounds 14-0018 grant MTD.wpd